UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MOHAMED FOFANA,

                    Petitioner,

v.

MARKWAYNE MULLIN et al.,

                    Respondents.

_____/

Case No. 1:26-cv-1260

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis*. For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Discussion

**I.      Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.22.)

In an Order entered on April 21, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed their response on April 29, 2026, (Resp., ECF No. 6),[1] and Petitioner filed his reply later that same day, (ECF No. 6).

## II.    Relevant Factual Background

Petitioner is a citizen of Guinea who entered the United States in 2024. (Pet., ECF No. 1, PageID.5.) On January 21, 2026, ICE detained Petitioner when he appeared for a scheduled ICE check-in appointment. (*Id.*)

On February 19, 2026, the Detroit Immigration Court held a bond hearing pursuant to § 1226(a) for Petitioner. (Feb. 19, 2026, Order Immigration Judge, ECF No. 5-8.) At the conclusion of the hearing, the Immigration Judge denied Petitioner's request for bond because Petitioner "failed to meet his burden of proof to support the likelihood of success on his application and has failed to meet his burden to establish he is not a flight risk." (*Id.*, PageID.94.)

## III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

---

[1] Contrary to the Court's order in the Show Cause Order entered on April 21, 2026, Respondents failed to submit a recording or transcript of the February 19, 2026, bond hearing in Immigration Court.

**IV.    Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:    May 13, 2026                         /s/ Jane M. Beckering
                                               Jane M. Beckering
                                               United States District Judge

3